ODOM, Justice.
 

 Plaintiff brought suit against defendant for $781.45, which amount is evidenced by a promissory note executed by defendant. It alleged that as collateral to said note it held a note executed by defendant secured by mortgage on 160 acres of land, which mortgage note is dated May 10, 1929. It asked that its mortgage on the land be recognized and that the same be sold and the proceeds paid to it by preference and priority over all other, creditors.
 

 The defendant filed various exceptions, which were all overruled, and later aban
 
 *347
 
 cloned. Defendant finally answered, denying the indebtedness and especially pleading that he was the head of a family and was residing on the property mortgaged at the time the note and the mortgage were given and that his wife did not join him to waive the homestead. There was judgment in favor of plaintiff for the amount claimed but recognizing the defendant’s homestead exemption on the 160 acres of land in question. Prom this judgment, the plaintiff has appealed.
 

 The defendant is the head of a family and was living with his wife at the time the mortgage was made. She did not join him to waive the homestead as provided in section 3, art. 11, of the Constitution. Therefore defendant’s property is exempt from seizure if in fact he was residing thereon with his family at the time the mortgage was given. This is the only point in controversy.
 

 The district judge found, and his finding is amply supported by the testimony, that defendant was residing on the land with his family at the time the mortgage was made. Defendant, his wife, and several of his children testified positively that they moved into the residence on the land in the latter part of November or the first part of December, 1928. They are positive as to the date and go into detail as to how they recall it positively. Mr. McBride and his wife occupied the property at the time it was acquired by defendant. Their testimony is positive to the effect that they moved off the property in order to permit defendant and his family to occupy it. Each says that defendant and his family moved on the property immediately after they left it. They say the date was about December 1, 1928. Other witnesses were called by defendant, whose testimony, while not positive, tends to corroborate that of Mr. and Mrs. McBride.
 

 The mortgage and the note are dated May 10, 1929, some five months after defendant and his witnesses say the property was first occupied by him as a home. Mr. Bailey, president of the plaintiff bank, testified that defendant told him at the time the mortgage was made that he was not living on the property. Defendant denies that he made such a statement to Mr. Bailey. Plaintiff called several witnesses to contradict the testimony of defendant and his witnesses, but the witnesses called could not be positive concerning the date on which defendant took up bis residence on the land. The sum and substance of the testimony adduced by plaintiff is that while they saw defendant and his sons working on the property in the early part of 1929, they did not see defendant and his family in the residence on the property. Their impression was that while defendant and his sons made a crop on the land during the year 1929, they continued to reside on property formerly owned by defendant and that they did not actually move on the property in controversy until the fall of 1929, some time after the mortgag'e was made. Their testimony, however, is of a negative character and cannot prevail over the positive testimony introduced by defendant. We refer especially to the testimony of Mr. and Mrs. McBride. Neither is related to or connected with the defendant or any of the members of his family. They could have h“ad no interest in the outcome of the litigation and it is not suggested that they are not truthful. These witnesses were in a position to
 
 *349
 
 know definitely when defendant and his family moved on the land.
 

 The district judge found as a fact that defendant was residing on the land at the time the mortgage was made. His findings are amply supported by the testimony. As the wife did not join her husband to waive the homestead, the exemption under Constitution of 1921, art. 11, must be recognized.
 

 The judgment appealed from is correct, and is affirmed, at plaintiff’s costs.